305 So.2d 215 (1974)
BURROUGHS CORPORATION, a Foreign Corporation Doing Business in Florida, Appellant,
v.
JOSEPH URAM JEWELERS, INC., a Florida Corporation, Appellee.
No. 74-437.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 22, 1975.
Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Brumer, Moss, Cohen & Rodgers and David L. Tobin, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
By this appeal, the defendant below questions the amount awarded as damages by a jury in an action for breach of contract.
The gravamen of the amended complaint filed by the plaintiff alleged that the defendant failed to internally program certain computer equipment which it installed for the plaintiff's business.
At the conclusion of all the evidence, the jury returned a verdict in favor of the plaintiff for $20,000. The defendant does not challenge the jury's finding with respect to liability, only that concerning the sum awarded as damages.
The defendant contends that the award in effect affords the computer equipment contracted for by the plaintiff a negative value, since the contract price was only $18,240.58.
In addition, it is urged that the verdict represents an improper legal measure of damages under the terms of the Uniform Commercial Code, Section 2-714 (See, Fla. Stat. § 672.2-714, F.S.A.).
And, lastly the defendant argues that the jury verdict was improperly influenced by testimony on consequential damages which the trial judge permitted to be introduced, where the contract entered into between the parties excluded such damages. See U.C.C. 2-719(3).
The plaintiff has countered that the jury's verdict properly conformed to the evidence and the court's instruction that the amount of damages should be "... the diference in the value of the computer as it was actually programmed, and its value if it had been programmed in accordance with the terms of the contract."
Plaintiff contends the value of the computer system to the purchaser may be in excess of the actual cost. Moreover, plaintiff points out that it borrowed $26,940 from a bank to finance the purchase of the *216 computer system, and therefore the sum of the jury award was justified based on that amount.
By a cross-appeal, plaintiff also submits that the trial judge erred by failing to instruct the jury on consequential damages, after permitting testimony to be introduced upon the same. Plaintiff also implies that the defendant's contractual provision purporting to exclude consequential damages may be unconscionable under U.C.C. 2-302.
After reviewing the record on appeal, all points in the briefs and arguments of counsel it is our conclusion that the jury's verdict should not be disturbed.
We do not think the appellant has demonstrated that the verdict was based on any other standard other than the one which the court instructed the jury to follow.
Therefore, for the foregoing reasons, the judgment appealed is affirmed.
Affirmed.